

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. Watt Page
The Adjutant General
Austin, Texas

Dear Sir:

Opinion No. O-4343
Re: Service in the Army of the
United States as affecting
the right of a State Repre-
sentative to hold his State
office.

Your letter of the 16th instant requests the opinion of this department upon the question whether a State Representative may serve in the Army of the United States and at the same time retain his State office.

Article 16, Section 12, of our Constitution, provides that a person holding an office under the United States shall be ineligible to be a member of the Legislature of this State or to hold any other office of profit or choice under this State. This section, therefore, establishes the general rule of constitutional incompatibility of State and Federal offices, so that a State Representative who accepts and qualifies for an office of profit and trust under the United States ipso facto vacates his State office.

To this general rule there has been established, by force of express constitutional provisions inserted by amendments to Article 16, Sections 33 and 40, the exception that a person occupying any of the following named statuses may at the same time hold a state office: officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States, enlisted men of the National Guard, the National Guard Reserve, and the organized reserves of the United States, retired officers of the United States Army, Navy, and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

646

Marine Corps, retired warrant officers and retired enlisted men of the United States Army, Navy and Marin Corps.

As these constitutional amendments have been construed by our Supreme Court, a person holding a State office and at the same time occupying one of the statuses mentioned above retains such status while in the active military service of the United States under an order of induction operating upon him as a member of one of the classes named in the provisos to Article 16, Sections 33 and 40, and they therefore may retain a State office and collect the compensation attaching thereto. Carpenter v. Sheppard, 145 S. W. (2d) 562; Spears v. Sheppard, 150 S. W. (2d) 769. (While both of these decisions concerned officers of the National Guard inducted as such into the active military service of the United States, the reasoning applies with equal force to each of the other categories listed in the amendments to Article 16, Sections 33 and 40, of the Constitution.)

If a State Representative is not a member of any of the classes named, but enters the United States Army, his situation will be as follows:

If he is commissioned as an officer in the Army of the United States he will upon acceptance of that office under the United States ipso facto vacate his State office, by force of the provisions of Article 16, Section 12, of the Constitution.

If he enters the Army of the United States, but is not made an officer in that Army, he will not vacate his State office but during the time he serves in the Army he will not be entitled to receive from the State of Texas pay for services rendered as a member of the Legislature, by force of that portion of Article 16, Section 33, of the Constitution, which prohibits the accounting officers of this State from drawing or paying warrants upon the State Treasury for salary or compensation to a State officer who holds at the same time a "position of honor, trust, or profit" under the Federal government.

APPROVED FEB 5, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:FS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN